IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Cr. No. 14-CR-2772 WJ |
| **MICHAEL YONNIE,** | ) ) ) | |
| Defendant. | ) | |

### UNITED STATES' SENTENCING MEMORANDUM

In preparation for sentencing, the United States submits this sentencing memorandum in the above-captioned case. This memorandum requests that this Honorable Court accept the Federal Rule of Criminal Procedure Rule 11(c)(1)(C) plea agreement entered by the Defendant on March 20, 2019, and sentence the Defendant to 240 months of incarceration. Several family members plan to address the Court at sentencing and a Navajo interpreter will be needed.

**I.  Acceptance of the Plea Provides Certainty and Finality**

The United States respectfully requests the Court accept the agreement because grounds for the plea are significantly tied to the arduous negotiations between the parties, taking into account several variables and risks associated with trial. In consideration of acceptance of Defendant's plea agreement, the United States asks this Court to consider the parties' interest in minimizing the uncertainties of trial by negotiating this settlement. "The potential to conserve valuable prosecutorial resources and for defendants to admit their crimes and receive more favorable terms at sentencing means that a plea agreement can benefit both parties." *Missouri v. Frye*, 132 U.S. 1399, 1407 (2012).  Parties in a criminal case must assess the likely outcome of

motions and trial practice. Defendants in particular must weigh their tolerance for the risk of losing a trial against the benefits of a negotiated settlement.

Likewise, the United States must weigh the public and the victim's interest against the risks of proceeding to trial. The United States carefully evaluated the evidence in this case. In negotiating Defendant's plea agreement, the United States considered the limitations within the case and impact of the crime committed and weighed them against the nature of the offense and Defendant's history and mental health defenses. The United States factored in the loss of evidence from the death of a witness and the potential fading of memory from other witnesses. The United States took into account sentencing guidelines in the PSR. Accordingly, the United States asks this Court to accept Defendant's plea agreement.

## II. Procedural History

The Court authorized a criminal complaint on July 21, 2014, for two homicides that occurred on July 18, 2014. (Doc. 1). FBI arrested Defendant on July 23, 2014. (Doc. 3). The court held his Initial Appearance on July 24, 2014. (Doc. 4). Defendant waived his preliminary hearing and detention hearing on July 25, 2014. (Docs. 10 and 11). The Grand Jury indicted Defendant on two counts of First Degree Murder in violation of 18 U.S.C. §§ 1153 and 1111 on August 12, 2014. (Doc. 15). After lengthy motion practice and competence evaluations, the parties stipulated to Defendant's competency after an evaluation by Dr. Foote on March 19, 2019. (Doc. 136). Defendant pleaded guilty to an information (Doc. 138) charging Defendant with two counts of Murder in the Second Degree. (Doc. 140). The plea agreement is pursuant to Rule 11(c)(1)(C) with a term of incarceration of 240 months for Defendant. United States Probation completed a pre-sentence report (PSR) which they disclosed on May 10, 2019. (Doc. 147). The PSR accurately assesses Defendant's criminal history category as a category I. *Id.* The

PSR calculated the offense level 37 for a range of incarceration of 210 to 262 months. *Id.* Sentencing is set on June 24, 2019. (Doc. 143).

### III. Analysis Under 18 U.S.C. § 3553(a)

The Court must consider the factors set forth in 18 U.S.C. § 3553(a) in determining a sentence that is sufficient but not greater than necessary to achieve the statutory purposes of federal sentencing. *See United States v. Booker,* 543 U.S. 220 (2005). Among other considerations, these factors take into account the nature of the offense, the defendant's history, seriousness of the charge, and the applicable guideline range. 18 U.S.C. § 3553(a).

Imprisonment for 240 months is sufficient but not greater than necessary to achieve the purposes of 18 U.S.C. § 3553(a). Given the nature and circumstances, as well as Defendant's history, a plea within the guideline range is warranted. Defendant has no criminal history. Defendant's mental health history would have permitted a claim for further mitigation potentially at trial. Additionally, the primary eyewitness in the homicide of D.J. passed away. Defendant had much animus, some potentially misplaced, towards D.J., which would have served as potentially mitigating evidence at trial. While the evidence against Defendant for the murder of A.S. was stronger, the issue of Defendant's mens rea and ability to form the required intent for premeditation would have been a complicated issue for the jury to evaluate. Considering the impact protracted litigation would continue to have on the victims' families, a plea incorporating Defendant's some of the mitigating factors is sufficient and provides certainty in the outcome. The family wants Defendant punished to the greatest extent possible. They were made aware of the plea prior to it being entered and appeared to understand the reasons for a sentencing agreement of 240 months. Several family members plan to address the Court at sentencing and a Navajo interpreter will be needed.

## IV. Conclusion

Wherefore, for the reasons described above, the United States respectfully requests that the Court accept the plea agreement in the above-captioned matter and sentence the Defendant to 240 months of incarceration followed by 60 months of supervised release and restitution as required.

Respectfully submitted,

JOHN C. ANDERSON
United States Attorney

*Electronically filed on June 12, 2019*
Nicholas J. Marshall
Assistant U.S. Attorney
201 Third St. NW, Suite 900
Albuquerque, NM 87102
(505) 346-7274
(505) 346-7296 fax

I hereby certify that on June 12, 2019, the foregoing was filed electronically through the CM/ECF system, which caused counsel for the defendant to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

/s/
NICHOLAS MARSHALL
Assistant United States Attorney